Stanard and Cabell, J.
concurred in the opinion that the judgment should be reversed for the error commented on by Parlcer, J.
Tucker, P.
Upon the question presented first in the bill of exceptions, I was inclined to differ with the court below, believing that the effect of the decision was to give the plaintiff damages indirectly for a slander which was barred by the statute of limitations. I am persuaded upon reflection, that my first impression was incorrect.
However questionable the practice may seem, to permit the introduction of evidence of words spoken at a different time, in order to prove malice in speaking those charged in the declaration, it seems now too firmly established to be shaken. Though there is some contrariety of opinion as to the admissibility of distinct slanderous matter subsequent to that charged in the declaration, yet I think the weight of authority, as well as the universal practice of the courts, recognizes the right of the plaintiff, after proving the words laid, to go on to prove the speaking of the same or the like words at any time antecedent. I have met with no case in which that right is denied. The admissibility of the proof of the repetition of the same slander at various times, seems to be conceded in all the cases, as the stress of the argument in them has always.turned upon the fact that the words were subsequently spoken. Rustell v. Macquister, 1 Camp. 49. note. Macleod v. Wakley, 3 Carr. & Payne 311. 14 Eng. C. L. Rep. 322. Tate v. *346 Humphrey, 2 Camp. 73. note, and Bodwell v. Swan et ux’ 3 Pick. 376. are cases in which subsequent sianders were admitted for the purpose of shewing malice. The case of Mead v. Daubigny, Peake’s Cas. 125. decided by lord Kenyon, is contra: but lord Kenyon himself decided differently in Lee v. Huson, Peake’s Cas. 166. In Finnerty v. Tipper, 2 Camp. 72. chief justice Mansfield seemed inclined to modify the rule, though it would appear that he approved the decisions. But his opinion also refers to subsequent words, and therefore does not touch the question of the antecedent speaking of the same words. I take it, then, that such proof is clearly admissible.
But it is said, that where the speaking of the words attempted to be given in evidence was more than a year anterior to the trial, an action for them is barred by the statute, and that as the proof of them would tend to inflame the minds of the jury and to increase the damages, the plaintiff will indirectly recover damages for a wrong, for which the action is gone forever. This argument is very plausible, but I think it unsound. The evidence is introduced solely to prove the deep-seated malice with which the last words were spoken, and is permitted to go to the jury with that qualification ; Rustell v. Macquister, 1 Camp. 49. note. With that qualification, there can be no objection to admitting proof of the antecedent' speaking of the same words, although the action for them is barred. For I apprehend, even if the plaintiff had sued for them and recovered damages for them, the proof of that fact would be good evidence in an action for repetition of the same slander. Is it not obviously a gross aggravation of a subsequent slander—is it not strong evidence of the most deeprooted malignity, that even the conviction and the punishment of the slanderer has worked no reformation in his conduct, and has been unavailing to arrrest the foul current of his abuse ? Is it not a reason for increasing the penalty of this new transgres *347 sion, repeated after he has had an opportunity of justifying his accusations, and has shrunk from or has failed in the attempt? I cannot doubt it. Yet who ever thought of rejecting the proof of the fact, because the plaintiff had already recovered damages for the first slander, and cannot refer to it to increase the damages for the second ? So in this case, though no action has been brought for the first slander, is it not an aggravation of the last, that it is repeated ? .When the plaintiff, in a spirit of forbearance, has waived his right of action for the first slander, either perhaps because it was uttered in a moment of heat, or that he felt an innate consciousness that he would live down the calumny by the correctness of his life, is it no aggravation of a repetition of the slander, that the defendant, regardless of his forbearance, will not let him live in peace,? Admit that no damages whatever are allowed for the first slander, is not here ample ground for increasing the damages for the second ? I think there is, and am therefore of opinion that the testimony was properly admitted.
On the second question, I was inclined to think that the enquiry as to general character should be confined to the particular matter which is the subject of the' charge. But my brethren think differently, and I willingly defer to their opinion.
As to the third point, there being no exception, I must presume every thing right. I have no doubt, enough matter appeared to the judge of the court below to authorize his newmodelling the entry, and I must take it for granted that it did so appear, as the contrary is not shewn by an exception.
There being, however, in the opinion of a majority of the court, error in the refusal to permit an enquiry as to the plaintiff’s general character, the judgment must for that cause be reversed.
Judgment reversed.